NOT RECOMMENDED FOR PUBLICATION
OR CITATION AS AUTHORITY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

CIVIL ACTION NO. 05-CV-604-KKC

GLENN FORD                                                                                              PETITIONER

VS:                       **MEMORANDUM OPINION AND ORDER**

CHARLES E. SAMMUELS, JR., Warden                                               RESPONDENT

\*\*     \*\*     \*\*     \*\*     \*\*

Glenn Ford, an individual currently incarcerated in the Federal Correctional Institution ("FCI") in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has now paid the district court filing fee.

The petition is before the Court for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688 (1st Cir. 1970)).

CLAIMS

The petitioner claims that the United States Parole Commission [hereinafter "the Commission"] has violated his rights under the Fifth and Sixth Amendments.

ALLEGATIONS

The petitioner alleges that on September 12, 2001, he received a parole recision hearing without counsel and in violation of his due process rights. As to the process provided, the Commission purportedly based its subsequent decision on an assault charge against him in Washington, D.C., but the assault charge had been dismissed months beforehand upon motion of the

government, and the petitioner had provided a copy of the order of dismissal to the Commission's hearing examiner. The petitioner complains that the Commission, however, relied upon an unsigned final progress report and hearsay; found that he was guilty of new criminal conduct; and added 54-64 additional months to be served, for a total of 108-140 months.

Four (4) years later, Mr. Ford filed the instant two-page self-styled petition for habeas relief.

## DISCUSSION

All federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. This usually means a challenge to a Bureau of Prisons decision about the execution of the prisoner's sentence. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they `exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").

In the case of challenges to decisions about parole matters, the prisoner-petitioner must demonstrate that he has exhausted the Commission's administrative process. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam); *see Talerico v. Warden, U.S. Penitentiary*, 391 F. Supp. 193 (M.D. Pa. 1975). The administrative remedy available to a parolee or prisoner who wants to appeal a decision regarding his parole is contained in 28 C.F.R. §2.26, providing that "[a] prisoner or parolee may submit to the National Appeals Board a written appeal of any decision to grant . . ., rescind, deny or revoke parole . . . ." Such an appeal must be filed within thirty (30) days of the date of entry of such decision. *Id.*

The petitioner in the case *sub judice* has not demonstrated that he first challenged the purported violations of his rights by appealing the Commission's decision administratively by appealing to the National Appeals Board. Therefore, his claims are not properly before this Court, and they will be dismissed, without prejudice. One of the rationales for the judicial requirement of exhaustion of administrative remedies is to prepare a record for the Court. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). There is no record herein. The Court expresses no opinion on the merits of the petitioner's claim herein.

## CONCLUSION

Accordingly, for the reasons discussed herein, it is hereby **ORDERED** as follows:

(1)  The instant petition for writ of habeas corpus is **DENIED**; and

(2)  this action will be **DISMISSED**, *sua sponte,* from the docket of the Court and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Dated this 15th day of December, 2005.

Signed By:
*Karen K. Caldwell*
**United States District Judge**